# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**JOSEPH WILLIAM JEAN-LOUIS,**

    **Petitioner,**

v.                                                        **Civil Action No. 2:13-CV-11**
                                                                 **(Bailey)**

**TERRY O'BRIEN,**
*Warden, U.S.P. Hazelton*,

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge John S. Kaull [Doc. 9]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Kaull for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Kaull filed his R&R on April 4, 2013 [Doc. 9]. In that filing, the magistrate judge recommended that this Court deny and dismiss with prejudice the petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1; Doc. 8], deny petitioner's Motion for Injunctive Relief [Doc. 5] without prejudice, and deny petitioner's Motion for Restraining Order [Doc. 6] without prejudice [*See* Doc. 9 at 12].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendations to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The docket sheet reflects that service of the R&R was accepted on April 5, 2013 [Doc. 10]. The petitioner timely filed his objections on April 16, 2013 [Doc. 11]. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

## I. Factual and Procedural History

On August 31, 2007, in the Western District of Missouri ("W.D.Mo."), the petitioner was charged in a single count Indictment with robbing Guaranty Bank by intimidation in violation of 18 U.S.C. § 2113(a) [W.D.Mo. Case No. 6:07-CR-3102 Doc. 10]. On September 13, 2007, counsel for the petitioner filed a Motion for Psychiatric Evaluation pursuant to 18 U.S.C. §§ 4241 and 4242 [W.D.Mo. Case No. 6:07-CR-3102 Doc. 17], which was granted by the W.D.Mo. court on the same day [W.D.Mo. Case No. 6:07-CR-3102 Doc. 20]. On November 30, 2007, counsel for the petitioner informed the W.D.Mo. court that the petitioner was still in the custody of the United States Marshals Service [W.D.Mo. Case No. 6:07-CR-3102 Doc. 22]. Counsel for the petitioner stated that she had spoken with the United States Marshals Service, which stated that it did not transport the petitioner to a medical facility for a psychiatric evaluation because it had not received notice of the court's September 13, 2007, order; however, counsel for the petitioner stated that she was informed that the United States Marshals Service would "make every effort to

expedite the designation and transfer for evaluation" [*Id.* at 2].

On February 8, 2008, the W.D.Mo. court set a hearing on the report from the psychological evaluation for February 19, 2008 [W.D.Mo. Case No. 6:07-CR-3102 Doc. 23]. The hearing was later moved to February 26, 2008 [[W.D.Mo. Case No. 6:07-CR-3102 Doc. 24]. The hearing was held before the magistrate judge assigned to the case, who stated that he would recommend to the district judge that the petitioner "be declared competent to stand trial and placed back on the active trial docket" [W.D.Mo. Case No. 6:07-CR-3102 Doc. 26].

On April 8, 2008, the petitioner signed a plea agreement in which he agreed to plea guilty to the single count contained in the Indictment [W.D.Mo. Case No. 6:07-CR-3102 Doc. 30 at 1-2]. The plea agreement contained multiple provisions and waivers, including the waiver of his right to trial and his appellate and post-conviction rights [*See id. generally*]. On August 4, 2008, a sentencing hearing was held in the petitioner's criminal case [W.D.Mo. Case No. 6:07-CR-3102 Docs. 37 and 38]. The petitioner was sentenced to a 150-month term of imprisonment to be followed by a 3-year term of supervised release [W.D.Mo. Case No. 6:07-CR-3102 Doc. 39 at 2-3].

On February 20, 2009, the petitioner filed with the W.D.Mo. court a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [W.D.Mo. Case No. 6:07-CR-3102 Doc. 42], claiming that (1) he received ineffective assistance of counsel [*Id.* at 4], (2) he did not fully understand the guilty plea because he was incompetent at the time of sentencing [*Id.* at 5], and (3) he was denied his constitutional right to a speedy trial [*Id.* at 6-9].

On March 13, 2009, the petitioner filed a *pro se* Notice of Appeal of his sentence

with the United States Court of Appeals for the Eighth Circuit ("Eighth Circuit") [W.D.Mo. Case No. 6:07-CR-3102 Doc. 49]. The Eighth Circuit dismissed the petitioner's appeal for lack of jurisdiction [W.D.Mo. Case No. 6:07-CR-3102 Doc. 52]. In March 2009, the petitioner filed a number of *pro se* motions with the W.D.Mo. court to stay his sentence and for a new trial [W.D.Mo. Case No. 6:07-CR-3102 Docs. 45, 47, 48, 53], all of which were denied by the W.D.Mo. court [W.D.Mo. Case No. 6:07-CR-3102 Docs. 55 and 57]. The petitioner filed similar motions in April 2009 and May 2009 [W.D.Mo. Case No. 6:07-CR-3102 Docs. 58 and 59], which were also denied by the W.D.Mo. court [W.D.Mo. Case No. 6:07-CR-3102 Doc. 61].

On July 6, 2009, the W.D.Mo. court denied the petitioner's February 20, 2009, § 2255 petition [W.D.Mo. Case No. 6:09-CV-3066 Doc. 23]. The petitioner requested a certificate of appealability and appealed the W.D.Mo. court's denial of his § 2255 petition to the Eighth Circuit [W.D.Mo. Case No. 6:09-CV-3066 Docs. 26, 29, and 30]. The W.D.Mo. court denied the request for a certificate of appealability on July 23, 2009 [W.D.Mo. Case No. 6:09-CV-3066 Doc. 27]. On December 28, 2009, the Eighth Circuit denied the petitioner's request for a certificate of appealability and dismissed the appeal [W.D.Mo. Case No. 6:09-CV-3066 Doc. 32].

On December 30, 2009, the petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 with the District of Colorado ("D. Colo."), where he was serving his sentence at the time [D. Colo. Case No. 1:09-CV-3019 Doc. 2]. On January 15, 2010, the petitioner filed Amended § 2241 Petitions [D. Colo. Case No. 1:09-CV-3019 Docs. 7 and 8] with the D. Colo. court. On January 19, 2010, the D. Colo. court directed the petitioner to file a Second Amended Petition to provide "a clear statement of the claims

4

[that] he intends to assert" [D. Colo. Case No. 1:09-CV-3019 Doc. 10 at 1]. On January 29, 2010, the petitioner filed his Second Amended Petitions (this time pursuant to 28 U.S.C. § 2254) [D. Colo. Case No. 1:09-CV-3019 Docs. 12 and 13]. On March 15, 2010, the D. Colo. court dismissed the petitioner's original Petition, Amended Petitions, and Second Amended Petitions [D. Colo. Case No. 1:09-CV-3019 Doc. 18]. On March 15, 2010, the D. Colo. court found that the petitioner's filings were deficient because they "fail[ed] to provide a clear statement of his claims" [*Id.* at 2]. The D. Colo. court further ruled that, to the extent that it could interpret the petitioner's claims as challenging the validity of a federal conviction and sentence by either the W.D.Mo. or the Central District of California, the petitioner would need to raise those claims to the respective sentencing court in a § 2255 motion [*Id.* at 2-3].

On July 6, 2010, the petitioner filed another *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 with the D. Colo. court [D. Colo. Case No. 1:10-CV-1624 Docs. 2 and 3]. The petitioner filed Amended Petitions on July 19, 2010 [D. Colo. Case No. 1:10-CV-1624 Docs. 6 and 7]. On September 14, 2010, the D. Colo. court entered an Order to Show Cause [D. Colo. Case No. 1:10-CV-1624 Doc. 14] why the petition "should not be dismissed because he has an adequate and effective remedy available to him pursuant to § 2255 in the sentencing court" [*Id.* at 3]. By order entered October 20, 2010, the D. Colo. court dismissed the petitioner's § 2241 petition, finding that the petitioner failed to demonstrate that "the remedy available to him in the sentencing court pursuant to 28 U.S.C. § 2255 is inadequate or ineffective" [D. Colo. Case No. 1:10-CV-1624 Doc. 17]. The petitioner appealed the dismissal of his July 2010 § 2241 petition to the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit"), which affirmed

5

the D. Colo. court's ruling after a *de novo* review [D. Colo. Case No. 1:10-CV-1624 Doc. 35].

The petitioner is now serving his sentence at U.S.P. Hazelton, which is located in the Northern District of West Virginia [*See* the Federal Bureau of Prisons ("BOP") website for this information]. The petitioner filed the pending *pro se* § 2241 petition with this Court on February 11, 2013 [Doc. 1]; the petitioner refiled the petition on the court-approved form on March 25, 2013 [Doc. 8]. In his Amended § 2241 petition, the petitioner raises the following claims: (1) he was denied his Sixth Amendment constitutional rights in his underlying criminal proceeding "to be confronted with the witneses [*sic*] against him[,] to have compulsory process for obtaining witneses [*sic*] in his favor[,] and to have the assistance of counsel for his defense" [Doc. 8 at 5]; and (2) he was denied the effective assistance of counsel in his habeas corpus proceeding regarding whether he knowingly entered the guilty plea [*Id.* at 6]. For relief, the petitioner states that he would like this Court to review the entire order of the D. Colo. court and grant him an immediate release from an "unjust unconstitutional sentence[,] conviction[,] and incarceration" [*Id.* at 8].

On February 25, 2013, the petitioner filed a Motion for Injunctive Relief [Doc. 5]. In this motion, the petitioner requests this Court to enter an order (1) directing the Special Housing Unit Lieutenant that he may not place the petitioner in a cell with physical restraints for the purpose of suicide watch, (2) directing the medical staff that they may not force the petitioner to take certain psychotropic medications, (3) directing the BOP to immediately transfer the petitioner to Federal Medical Center ("F.M.C.") Butner, North Carolina, to be tested for heart disease, tumors, and lung cancer, and (4) directing the BOP that the petitioner never be returned to (a) Federal Transfer Center ("F.T.C.") Oklahoma

City, Oklahoma, (b) U.S.P. Beaumont, Texas, or (c) Medical Center for Federal Prisoners ("M.C.F.P.") Springfield, Missouri [*Id.* at 2-3].

On March 6, 2013, the petitioner filed a Motion for Restraining Order [Doc. 6]. In this motion, the petitioner argues that he is in "imminent extreme danger of being killed" if he is transferred, designated, or returned to any of the following BOP facilities: (1) U.S.P. Beaumont, Texas; (2) F.T.C. Oklahoma City, Oklahoma; (3) U.S.P. Florence, Colorado; (4) U.S.P. Lewisburg, Pennsylvania; or (5) M.C.F.P. Springfield, Missouri [*Id.* at 2]. The petitioner states that he requests this Court to enter an order directing the BOP to never place the petitioner in a receiving, holding, or discharge cell with another federal prisoner who is waiting to be processed to board a bus for transportation [*Id.* at 2-3]. In addition, the petitioner seeks an order directing the BOP to never place the petitioner in any cell with a federal prisoner from the Washington, D.C., area or who is Muslim [*Id.* at 3]. The petitioner states that this last request is particularly relevant to a specific inmate, who he refers to as "Inmate Caldwell." [*Id.*].

On April 4, 2013, the magistrate judge issued his R&R [Doc. 9]. In his R&R, Magistrate Judge Kaull concluded that the petitioner is seeking to challenge the legality of his conviction and sentence in his § 2241 petition, but did not establish that he is entitled to review under § 2241 [*Id.* at 9]. As such, the magistrate judge recommended that this Court deny and dismiss the petitioner's § 2241 petition [Doc. 1; Doc. 8] with prejudice [Doc. 9 at 12]. With regard to the petitioner's Motion for Injunctive Relief [Doc. 5] and Motion for Restraining Order [Doc. 6], the magistrate judge concluded that the petitioner failed to present a factual basis for his requests to warrant this Court to conduct a further inquiry [Doc. 9 at 11]. As such, the magistrate judge recommended that this Court deny these two

7

motions without prejudice.

On April 16, 2013, the petitioner filed timely objections [Doc. 11]. In his objections, the petitioner raises objections only to the magistrate judge's conclusion regarding his § 2241 petition; the petitioner does not raise any objections to the magistrate judge's conclusion regarding his Motion for Injunctive Relief or Motion for Restraining Order [*See id.*]. In objecting to the magistrate judge's conclusion that the petitioner's § 2241 petition should be denied and dismissed with prejudice, the petitioner first reiterates his arguments presented in his Original and Amended § 2241 petitions regarding the claim that he did not knowingly waive his right to a trial or his appellate and post-conviction rights because he was allegedly mentally incompetent at the time of his guilty plea [*Id.* at 2]. In addition, the petitioner reiterates his argument that he received ineffective assistance of counsel [*Id.*].

## II. Applicable Law

Individuals convicted in federal court are "required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255. **In re Vial**, 115 F.3d 1192, 1194 (4th Cir. 1997). If § 2255 proves "inadequate or ineffective to test the legality of [the] detention," then the petitioner may file a § 2241[1] writ of habeas corpus. **Id.**, *relying on* 28 U.S.C. § 2255. The petitioner bears the burden of demonstrating that a remedy under § 2255 is inadequate of ineffective. *See* **Garlotte v. Fordice**, 515 U.S. 39, 46 (1995) ("the habeas petitioner generally bears the burden of proof"); *see also* **Jeffers v. Chandler**, 253 F.3d 827, 830 (5th Cir. 2001). A

---

[1]A § 2241 petition typically challenges the manner in which a sentence is executed; however, a § 2241 petition may be used to challenge the legality of a conviction and sentence in the limited circumstances when § 2255 petition would be inadequate or ineffective to do so. **In re Jones**, 226 F.3d 328, 333-34 (4th Cir. 2000).

8

procedural barrier to bringing a § 2255 petition or a previous denial of a § 2255 petition does not establish that a remedy under § 2255 petition is inadequate or ineffective. See **Hill v. Morrison**, 349 F.3d 1089, 1091 (8th Cir. 2001); **United States v. Laurie**, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit Court of Appeals ("Fourth Circuit") has ruled that § 2255 is inadequate and ineffective to test the legality of a conviction when three elements have been met. **In re Jones**, 226 F.3d 328, 333-34 (4th Cir. 2000). First, "at the time of the conviction, settled law of [the relevant] circuit or the Supreme Court established the legality of the conviction . . .." *Id.* Second, after the convicted individual has completed his or her appeal and first section 2255 motion, "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal . . .." *Id.* Third, the convicted individual "cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Id.*

### III.  Discussion

On April 16, 2013, the petitioner filed timely objections [Doc. 11]. In his objections, the petitioner reiterates his arguments presented in his Original and Amended § 2241 petitions regarding the claim that he did not knowingly waive his right to a trial or his appellate and post-conviction rights because he was allegedly mentally incompetent at the time of his guilty plea [*Id.* at 2]. In addition, the petitioner reiterates his argument that he received ineffective assistance of counsel [*Id.*].

### A. Section 2241 Petition

Although the petitioner reiterates in his objections the arguments raised in his § 2241 petitions, the petitioner does not address how he has met the ***Jones*** requirements to argue

the legality of his conviction and sentence in his § 2241 petition. In this case, the petitioner cannot establish that section 2255 is an inadequate remedy. Without addressing the first and third **Jones** requirements, this Court finds that the petitioner has not demonstrated the second requirement that "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal . . .."[2] Furthermore, to the extent that the petitioner might be attempting to raise an actual innocence claim, this Court notes that a petitioner must establish that he or she is entitled to review under § 2241 before he or she may raise an actual innocence claim. **Bousley v. United States**, 523 U.S. 614, 623 (1998).[3] As such, this Court agrees with the magistrate judge's conclusion that the petitioner's § 2241 petition [Doc. 1; Doc. 8] should be dismissed with prejudice. Accordingly, this Court hereby **OVERRULES** the petitioner's objections **[Doc. 11]**.

### B. Motions for Injunctive Relief

As previously noted by this Court, the petitioner did not object to the magistrate judge's conclusion that the petitioner's Motion for Injunctive Relief [Doc. 5] and Motion for Restraining Order [Doc. 6] should be dismissed without prejudice [*See* Doc. 11]. As such, this Court will review the portion of the R&R pertaining to these motions for clear error. Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation regarding the dismissal without prejudice of the petitioner's

---

[2]*See* 18 U.S.C. § 2113(a) (2002), which still deems it criminal behavior to commit a bank robbery by intimidation.

[3]Moreover, as noted by the magistrate judge in his R&R, the petitioner's admission of guilt during his voluntary colloquy at his sentencing hearing impedes any argument for actual innocence that the petitioner might attempt to raise [*See* Doc. 9 at 8-9; *see also* W.D.Mo. Case No. 6:07-CR-3102 Docs. 43 and 44].

10

Motion for Injunctive Relief [Doc. 5] and Motion for Restraining Order [Doc. 6] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.

### IV. Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 9]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Furthermore, the petitioner's Objections **[Doc. 11]** are **OVERRULED**. Accordingly, this Court hereby **DENIES and DISMISSES with prejudice** the petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[Doc. 1; Doc. 8]**, and **DENIES without prejudice** the petitioner's Motion for Injunctive Relief **[Doc. 5]** and Motion for Restraining Order **[Doc. 6]**. As such, this **proceeding** is hereby **ORDERED STRICKEN** from the active docket of this Court and the Clerk is directed to enter a separate judgment in favor of the respondent.

As a final matter, to the extent that the petitioner's § 2241 petition attacks his underlying conviction and sentence and is essentially a § 2255 petition, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he had failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** April 17, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE